IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-CV-00069-FL

| | |
|---|---|
| M.H., a minor child, by and through her parents and natural guardians, S.H. and J.H., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| ONSLOW COUNTY BOARD OF EDUCATION; ANGELA GARLAND, Principal of Northwoods Park Middle School, in her individual capacity; and TIMOTHY SAWYER, Jacksonville City Police Officer, in his individual and official capacities, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

ORDER

This matter is before the court on defendant Onslow County Board of Education's partial motion to dismiss (DE 27), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The issues raised have been briefed fully and, in this posture, are ripe for ruling. For the reasons that follow, defendant's motion to dismiss is granted.

**BACKGROUND**

On April 14, 2016, plaintiff, by and through her parents, sued four defendants: 1) Onslow County Board of Education ("BOE"); 2) Angela Garland ("Garland"), Principal of Northwoods Park Middle School; 3) Rick Stout ("Stout"), Superintendent of Onslow County School System; and 4) Timothy Sawyer ("Sawyer"), Jacksonville City Police Officer, asserting a number of federal and

state law claims. (DE 1). These defendants answered and filed a combined partial motion to dismiss (DE 16), which this court denied as moot when plaintiff filed an amended complaint. (DE 22).

The amended complaint, and operative pleading in this matter, does not include Stout as a defendant. Ten claims are alleged against the three above-captioned defendants in the action. Plaintiff asserts that:

1. Defendant BOE, defendant Garland, in her individual capacity, and defendant Sawyer, in his official and individual capacities violated the Equal Protection Clause ("Claim I") and Due Process Clause ("Claim II") of Fourteenth Amendment to the United States Constitution, where defendants, while acting under color of law, adopted certain policies and practices that denied plaintiff equal protection of laws on the basis of her gender and disability;

2. Defendant BOE violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*, where defendant had knowledge of gender-based harassment plaintiff endured and acted with deliberate indifference in failing to remedy it ("Claim III");

3. Defendant BOE violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, where plaintiff was disabled and defendant failed to provide her a school environment free from discrimination and harassment ("Claim IV");

4. Defendant BOE violated Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, where plaintiff was disabled and defendant failed to make reasonable accommodations for her disability and acted with deliberate indifference in investigating and responding to her complaints of harassment and bullying ("Claim V");

5. Defendant BOE committed common law claims for negligence ("Claim VI"), negligent infliction of severe emotional distress ("Claim VII"), and negligent supervision ("Claim VIII");

6. Defendant BOE violated plaintiff's rights under the North Carolina state constitution, where defendant denied plaintiff educational opportunities free from physical and psychological harm ("Claim IX"); and, finally,

7. Defendant Garland, in her individual capacity, and defendant Sawyer, in his official and individual capacities, violated North Carolina common law, where defendants intentionally obstructed plaintiff's ability to seek and obtain legal remedy against the various perpetrators of a certain assault made against her ("Claim X").

On July 22, 2016, defendant BOE filed corrected motion to dismiss, seeking dismissal of Claims VIII and IX pursuant to Rule 12(b)(6), which motion now is before this court. (DE 27). Defendant BOE contends that Claims VIII and IX should be dismissed pursuant to Rule 12(b)(6) because the factual allegations in plaintiff's amended complaint are insufficient to sustain those claims under North Carolina law. While plaintiff voluntarily abandons Claim IX in her opposition statement, she maintains that the factual allegations asserted in her amended complaint are sufficient to sustain Claim VIII.

**STATEMENT OF FACTS**

As pertinent to the instant motion, the facts alleged in plaintiff's amended complaint may be summarized as follows. Plaintiff is a fourteen year old girl diagnosed with Autistic Spectrum Disorder, Attention Deficit Hyperactivity Disorder, and anxiety and identified as a qualified individual with disability under Section 504 of the Rehabilitation Act and the Americans with

Disabilities Act. From 2008 until recent, plaintiff was student in the Onslow County School System ("School System"), first attending Parkwood Elementary School ("Parkwood) and most recently attending Northwoods Park Middle School ("Northwoods").[1] Plaintiff remained a student in the School System until recently, when continued harassment and bullying forced her to withdraw from Northwoods.

On several occasions while plaintiff was a student in the School System, plaintiff was verbally harassed, threatened, and assaulted on the basis of her gender and disability. Plaintiff and plaintiff's parents repeatedly reported alleged incidents of harassment to school teachers, officials, and administrators, including defendant Garland. During "the 2015–16 academic school year . . . [plaintiff's] parents met . . . with school administration officials, including [d]efendant Garland, on at least seven occasions and specifically discussed the bullying [plaintiff faced]." (Am. Compl. ¶ 146). For example, on one occasion, plaintiff explained to her teacher, the assistant principal, and defendant Garland that a certain student maliciously displayed sexually explicit images to her. "[D]espite having specific notice [of that incident], School System officials [did not take corrective action]." (Id. ¶ 66).

In response to plaintiff's various allegations and complaints, defendants took no action. Defendants failed to investigate plaintiff's complaints, take corrective and remedial action, and discipline perpetrating students. Further, defendants failed to enact and implement policies to help school employees investigate and respond to allegations of bullying and harassment.

---

[1] From September 2013 through June 2015, plaintiff lived out of state and was not a student in the School System. In 2015, plaintiff returned to the School System for eighth grade.

4

As a result of defendants' inaction, plaintiff continued to endure harassment and bullying. These repeated acts of harassment, bullying, and physical abuse created a hostile environment for plaintiff. Consequently, plaintiff was forced to withdraw from Northwoods.

**DISCUSSION**

A.    Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint, but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F2d 943, 952 (4th Cir. 1991). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v.Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 59 F.3d 250, 255 (4th Cir. 2009). Where a motion to dismiss challenges only a plaintiff's failure to allege sufficient facts, any order dismissing the complaint necessarily is without prejudice, unless the court also concludes that an amendment would be frivolous. See Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 623–24 (4th Cir. 2015).

5

Case 7:16-cv-00069-FL   Document 36   Filed 09/30/16   Page 5 of 8

B.   Analysis

Defendant BOE seeks dismissal of Claims VIII and IX for failure to state a claim upon which relief may be granted. In her opposition to defendant BOE's motion to dismiss, plaintiff expressly abandons her claim for violations of the North Carolina state constitution, Claim IX. Accordingly, Claim IX is dismissed.

In Claim VIII of the amended complanit, plaintiff contends that defendant BOE negligently failed to supervise individual defendants "so as to prevent physical harm and emotional distress to [plaintiff]." (Am. Compl. ¶ 255; DE 22). Defendant argues that Claim VIII should be dismissed because plaintiff's complaint contains insufficient factual specificity to sustain a claim for negligent supervision under North Carolina law.

To state a claim for negligent supervision under North Carolina law, a plaintiff must allege:

> (1) the specific negligent act on which the claim is founded . . .; (2) incompetency, by inherent unfitness or pervious specific acts of negligence from which incompetency can be inferred; (3) either actual notice to the master of such unfitness or bad habits, or constructive notice, by showing that the master could have known the facts had he used ordinary care in oversight or supervision . . .; and (4) that the injury complained of resulted from the incompetency proved.

Medlin v. Bass, 327 N.C. 587, 591 (1990) (internal quotations removed); see Sauers v. Winston-Salem/Forsyth Cty. Bd. of Educ., __F. Supp.3d __, 2016 WL 1312038, at *8 (M.D.N.C. Mar. 31, 2016) (citations omitted) (stating the elements required for a negligent supervision claim under North Carolina law). A plaintiff's burden in proving these cases is a high one, and "only those cases involving notoriously unsuitable employees or allegations of misconduct repeatedly ignored by an employer have met these elements." Davis v. Matroo, No. 5:13-CV-00233-BO, 2013 WL 5309662, at *5 (E.D.N.C. Sept. 19, 2013) (citing Braswell v. Braswell, 330 N.C. 363, 372 (1991)). "In order to prove the third element, notice, the plaintiff must prove . . . that prior to the employee's tortious

6

act, the employer knew or had reason to know of the employee's incompetency." Cloaninger ex rel. Estate of Cloaninger v. McDevitt, 555 F.3d 324, 337 (4th Cir. 2009) (internal quotations omitted).

Here, plaintiff fails to allege facts permitting an inference that the BOE had actual or constructive notice of school administration incompetence in handling harassment complaints. To begin, plaintiff's complaint fails to allege that defendant had actual notice. Plaintiff's amended complaint contains no facts indicating that complaints of alleged harassment were made directly to the BOE, nor does it contain any facts indicating that the BOE was notified of the complaints plaintiff made to the individual defendants. Even though the individual defendants were aware of the bullying plaintiff endured, no facts assert that defendant BOE had the same awareness.

Furthermore, plaintiff's allegation that "[d]efendants had actual knowledge," is a legal conclusion. (Am. Compl.¶ 146; DE 22). Absent additional factual support bolstering that conclusion, plaintiff's claim for negligent supervision on the basis of actual notice fails. See Iqbal, 556 U.S. at 678–79 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotations omitted).

Plaintiff argues that even if her factual allegations are insufficient to support a charge of actual notice, they are sufficient to support a charge of constructive notice. Specifically, plaintiff contends that the duration, severity and volume of plaintiff's complaints should have put defendant BOE on notice that it needed to train and supervise further its employees how to investigate and respond to incidents of harassment and bullying. Plaintiff asserts that had the BOE used "ordinary care in oversight and supervision," plaintiff's harassment and bullying would have stopped. (DE 33) (citations omitted).

7

However, the facts alleged in plaintiff's amended complaint are also insufficient to support a claim of negligent supervision on the basis of constructive notice. In order to sustain a claim of negligent supervision on the basis of constructive notice, "the plaintiff must prove . . . that prior to the employee's tortious act, the employer . . . had reason to know of the employee's incompetency." Cloaninger, 555 F.3d at 337. Here, however, plaintiff asserts no fact suggesting that the BOE should have known that school administrators were ill-prepared to handle incidents of harassment and bullying. The amended complaint alleges no "widespread, systemic bullying problem at the school," nor does it allege that any school administrator or official had a prior history of acting negligently in handling harassment complaints. (DE 33); see Sauers, 2016 WL 1312038, *8 (dismissing claim for negligent supervision and training where "no facts . . . suggest[] that the School Board knew of a need to implement a particular training policy, or of the unsuitability of any of [its] employees").

Accordingly, even if individual defendants were negligent in responding to allegations of harassment and/or bullying,[2] plaintiff fails to allege that defendant BOE had the requisite notice required to establish a prima facie case for negligent supervision under North Carolina law. Thus, defendant BOE's partial motion to dismiss as to Claim VIII is granted.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant BOE's partial motion to dismiss. (DE 27). Thus, Claim VIII is DISMISSED without prejudice. Additionally, where plaintiff's Claim IX voluntarily is abandoned, it also is DISMISSED.

SO ORDERED, this the 30th day of September, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] Defendant concedes that "[p]laintiff's allegations are likely sufficient to state a claim for negligence at this stage of the litigation." (DE 35). However, this concession does not mean that plaintiff's allegations are sufficient to state a claim for negligent supervision.