**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**Southern Division**

Civil Action No. 7:16-CV-069-FL

| | | |
|---|---|---|
| M.H., a minor child, by her parents and Natural guardians, S.H. and J.H. | : | |
| | : | |
| Plaintiff, | : | |
| | : | **STIPULATED** |
| v. | : | **PROTECTIVE ORDER** |
| | : | |
| ONSLOW COUNTY BOARD OF EDUCATION, ANGELA GARLAND, Principal of Northwoods Park Middle School, in her individual capacity; and TIMOTH J. SAWYER, Jacksonville City Police Officer, in his individual and official Capacities, | : | |
| | : | |
| Defendants. | : | |

_____

THIS MATTER comes before the Court at the request of the parties for a Protective Order regarding the production of confidential information and documents in discovery. After reviewing the matter, the Court finds and orders as follows:

## SECTION I

1.      Defendant Onslow County Board of Education (also referred to herein as "the Board") is an educational institution and is therefore subject to the requirements of the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, *et seq*.

2.      In discovery in this case, it is anticipated that the parties will need to exchange information potentially covered by the Family Educational Rights and Privacy Act, including confidential information and documents pertaining to past and present minor students of Northwoods Park Middle School and/or Parkwood Elementary School.

3.      While the Court does not make, at this time, any rulings pertaining to the discovery or admissibility of any particular document, the Court finds that the confidential information discussed herein, which includes information pertaining to Northwood Park Middle School and Parkwood Elementary School's past and present students, may be necessary for the resolution of the issues at stake in this action and may be the subject of discovery.

4.      In order to comply with the Family Educational Rights and Privacy Act and to protect the confidential and private nature of the information and documents referred to herein, and in order for discovery to proceed in this action without undue delay, the Court orders production as set forth herein.

5.      This Protective Order also applies to other confidential information that may be exchanged by the parties in the course of discovery.

6.      The Court has determined that the Plaintiff and Defendants, by and through their respective attorneys of record, consent to the provisions of this Order and the manner of production of documents and information set forth herein.

IT IS ORDERED that the confidential and proprietary nature of all documents, testimony, answers to interrogatories and all other information in whatever form produced or given by any person pursuant to pretrial discovery in this action ("Discovery Materials") shall be protected and governed as follows:

## SECTION II

## STUDENT RECORDS

To the extent that the documents requested are potentially covered by the Family Educational Rights and Privacy Act, and/or contain information covered by the Family Educational Rights and Privacy Act, said documents may only be disclosed in accordance with

the notice and other provisions of the Family Educational Rights and Privacy Act (described below), or in a manner, if possible, in which all personally identifiable information pertaining to students has been redacted from the documents. Identifying information is not limited to a student's name, address and social security number. Identifying information includes any information of any kind or nature which, taken in conjunction with the remainder of the information being produced or known, would allow identification of said student.

To comply with the notice requirements of the Family Educational Rights and Privacy Act, the Board will send to the parent(s) or guardian(s) of the past or present student, whose information is to be produced or who is referred to or identified in information to be produced, a copy of this Order and the letter, attached hereto as Exhibit A, notifying them that confidential student information may be disclosed in this case. Said letter will be sent to the minor student's parent(s) or guardian(s) at the home address of record, and if a former student, to their home address of record, and will give them fourteen days from the date of the letter to object to the disclosure of the information. If the student, or his or her parent(s) or guardian(s) objects to the disclosure of the information, such objection should be brought to the attention of Court and the matter shall be calendared for hearing for resolution of the objection prior to disclosure of information regarding the student on whose behalf the objection was made.

No such notification of possible disclosure of confidential information governed by the Family Educational Rights and Privacy Act shall be necessary concerning information regarding Plaintiff in possession of the Defendants in this case.

All student records produced in accordance with this Order must be stamped "CONFIDENTIAL". To the extent electronically stored information is produced in a format that

does not permit the branding of the designation on the face of the document, the producing party shall add the abbreviation "CONF" to the file name of such documents.

No student record or document of any kind containing the above noted confidential information shall be attached as an exhibit to a deposition or filed with the court by any party without first redacting student names, addresses, social security numbers, birth dates and other such identifying information; or, the document may be filed under seal as described in Section III.

If reference to a past or present student becomes necessary in any document to be filed with the court, or during the course of a deposition, said student will be referred to by initial letters only or by some other nomenclature agreed upon by the parties so as to not disclose the individual's name.

Nothing in this Order prevents any party from objecting, during a deposition, to questions that require the disclosure of confidential student identifying information or information protected by the Family Educational Rights and Privacy Act. Said information can only be disclosed in a manner in which the student is not identified unless said information involves a student who has been provided notice and the opportunity to object as set forth above. In the event that confidential, student identifying information or other FERPA protected information is inadvertently referred to during a deposition, counsel agree that said information will be marked as CONFIDENTIAL and protected from disclosure as provided in Section III.

## SECTION III

## PROCEDURES FOR HANDLING CONFIDENTIAL INFORMATION

1.     Any documents, testimony, or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by

any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(1), FERPA, or any other provision of law, including information subject to a contractual duty of confidentiality owed to a third party, shall be so designated in writing, or orally at a deposition, hearing, or trial, and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL." Such documents, transcripts, or other materials are referred to herein as "CONFIDENTIAL MATERIALS." To the extent electronically stored information is produced in a format that does not permit the branding of the designation on the face of the document (*e.g.,* native Excel files or database exports), the producing party shall add the abbreviation "CONF" to the file name of such documents.

2.      A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must designate on the record which portions are CONFIDENTIAL, or, within three (3) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL in accordance with Section II, or Section III, Paragraph 1 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a notice setting forth the pages, line numbers, and designations. The designating party must serve such notice upon all other parties within fourteen (14) calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the fourteen-day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with the Order. The parties shall negotiate in good faith to alter the

time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

3.     No person shall use any CONFIDENTIAL MATERIALS or information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects, or otherwise discusses any such materials), directly or indirectly, for any business, commercial, or competitive purposes or for any purpose whatsoever other that solely for the discovery, the preparation, and trial of this action, and/or in accordance with this Order. The parties agree that CONFIDENTIAL MATERIALS produced in discovery in this case shall not be used, be required to be produced or admissible, in whole or in part, in any other legal or administrative proceedings.

4.     Subject to Section III, Paragraph 7, in the absence of prior written permission from the designating party or an order by the Court, no person shall disclose CONFIDENTIAL MATERIALS to any person other than: (i) the parties, their attorneys of record, and those attorneys' support staff employees who perform work tasks related to this case; (ii) insurance carriers for the parties; (iii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iv) disclosed experts or consulting experts and their staff employed for this litigation; (v) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (vi) any governmental agency formally requesting such information or documents by subpoena, written notice, or other civil investigative demand ("CID"), with notice provided to the designating party within five (5) days of receipt of the request and no fewer that twenty-one (21) days before disclosure or production, and this Court shall retain jurisdiction to hear any objection that either Plaintiff or Defendants

may have to providing documents in response to such a request; and (vii) the Court, Court personnel, and members of any jury impaneled to hear this case.

5.      Subject to Section III, Paragraph 7, no person shall disclose CONFIDENTIAL MATERIALS to any person designated in Section III, Paragraph 4(iv) unless he or she has executed a written, dated declaration in the form attached hereto as Exhibit B, acknowledging that he or she has first read this Order, agreed to be bound by the terms hereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. The Court hereby enjoins all persons to whom CONFIDENTIAL MATERIALS are disclosed from disclosing the same to any person or using the same, except as provided in this Order.

6.      No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other that those described above in Section III, Paragraph 4 for the purposes specified, and in no event shall such person make any other such use of CONFIDENTIAL MATERIALS.

7.      In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the parties cannot resolve the dispute and the receiving party concludes in good faith that the materials designating party has improperly classified the materials, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as Confidential for fifteen (15) days after such notice. The designating party shall have the right to move the Court for a Protective Order to retain designated status of such materials. If the designating party files such a motion within the fifteen-day period, the receiving party shall continue to maintain the materials as

CONFIDENTIAL, consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

8.      Subject to Section III, Paragraph 7, any party seeking to file CONFIDENTIAL MATERIALS with the Court must contact the designating party seven (7) days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS shall file such materials in accordance with **Local Rule 79.2 and Section T of the CM/ECF Policy Manual for the Eastern District of North Carolina**. The designating party shall file a Motion to File Under Seal simultaneously with the other party's filing and within ten (10) days thereafter shall file a supporting memorandum that complies with the requirements of **Local Rule 79.2 and Section T of the CM/ECF Policy Manual for the Eastern District of North Carolina**. The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with this Order and the Local Rules of this Court, including Section T(1)(a)1(I) through (v) of the CM/ECF Policy Manual for the Eastern District of North Carolina set forth below:

(1) Filing Restricted Documents in CM/ECF

    a)      Sealed Documents

        1.      Except for motions filed under seal in accordance with Section T(1)(a)7 of this Policy Manual, each time a party seeks to file under seal, said party shall accompany the request with a motion to seal.

The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

    (i)    the exact document or item, or portions thereof, for which filing under seal is requested;

    (ii)    how such request to seal overcomes the common law or the First Amendment presumption to access;

    (iii)    the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

    (iv)    the reasons why alternatives to sealing are inadequate; and

    (v)    whether there is consent to the motion.

9.    The inadvertent or unintentional disclosure of CONFIDENTIAL MATERIALS by a producing party without the appropriate designation or the inadvertent or unintentional disclosure of attorney-client privileged, work product, or other protected documents or media without an appropriate claim of privilege shall not be deemed a waiver in whole or in part of the party's claim of confidentiality or privilege, the receiving party, upon request or upon its own initiative at such time as it reasonably and in good faith believes itself to be in possession of inadvertently produced materials, whichever occurs first, shall promptly return the inadvertently produced materials, and all copies of those materials that may have been made.

10.    Subject to Section III Paragraph 7 and excluding pleadings and documents filed with the Court, within sixty (60) days after the conclusion of this case, upon written request, the parties shall assemble and return to the designating party all materials containing

CONFIDENTIAL MATERIALS (provided that counsel shall be permitted to maintain such documents for their case files, which shall continue to be subject to the terms of this Order). The receiving party may elect to destroy such materials rather than return them, in which case the party shall provide written verification of the same.

11.     This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgement attached as Exhibit B agrees to be subject to the jurisdiction of this Court for purposes of this Order.

12.     This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to **Local Rule 79.2 and Section T of the CM/ECF Policy Manual for the Eastern District of North Carolina**.

13.     No party may use the entry of this Order, nor the designation of any material as "CONFIDENTIAL," nor the failure to make such designation, as evidence on any issue in this case. A party's designation of materials as "CONFIDENTIAL" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or any other provision of law.

14.     Nothing in this Protective Order shall be deemed a waiver by a party of any objections that might be raised as to the relevance or admissibility at trail of evidentiary materials.

15.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

16.    Third parties who are the subject of discovery requests, subpoenas, or depositions in this case may take advantage of the provisions of this Order by providing Plaintiffs and Defendants with written notice that they intend to comply with and be bound by the terms of this Order.

SO ORDERED this the 11th day of _____October_____, 2016.


_Louise W. Flanagan_
Honorable Louise W. Flanagan
United States District Judge


**We Consent:**

This the 11th day of October, 2016.

J. HEGG LAW, PLLC

/s/ Janelle Mason Mikac
Jason Hegg, Esq.
jason@jhegglaw.com
Janelle Mason Mikac, Esq.
janelle@jhegglaw.com
J. Hegg Law, PLLC
310 New Bridge Street
Jacksonville, NC 28540
Tel: 910-219-3696
*Attorneys for Plaintiff*


CROSSLEY MCINTOSH COLLIER HANLEY & EDES, PLLC

/s/ Brian E. Edes
Brian E. Edes
State Bar Number: 25415
Clay Allen Collier
State Bar Number 13266
5002 Randall Parkway
Wilmington, NC 28403
Tel.: 910-762-9711

briane@cmclawfirm.com
clayc@cmclawfirm.com
*Attorneys for Defendants*


CRANFILL SUMNER & HARTZOG LLP

<u>/s/ Katie Weaver Hartzog</u>
Katie Weaver Hartzog
State Bar No. 32989
Post Office Box 27808
Raleigh, NC 27611-7808
Tel.: 919-828-5100
khartzog@cshlaw.com
*Attorneys for Defendants Onslow County*
  *Board of Education and Angela Garland*

**EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER**

[Date]

SENT VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

[Name of parent/guardian of student]
[Address on file]

Dear Mr./Ms. _____:

I am writing on behalf of the Onslow County Board of Education ("the Board") to inform you that the Board has received a request for certain education records maintained by the Board that contain personally identifiable information about your child, _____. The Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(b) and 34 C.F.R. §99.31(a)(9)(ii) is a federal law that protect the privacy of student records. These laws permit the disclosure of these records to comply with a court order. Pursuant to a court order requiring the release of such records, the Board will release the ordered information after providing reasonable notice to you unless you properly and timely object as described below.

The Court Order pertains to the case of <u>M.H., a minor child, by her parents and natural guardians, S.H. and J.H. v. Onslow County Board of Education, et al.,</u> Court File No. 7:16CV069-FL, which is currently pending in the Eastern District of North Carolina Federal Court. On _____, the Court issued a Protective Order that prevents any party from disclosing confidential information acquired in the course of the lawsuit, including student records, to anyone other than the parties, their attorneys and consultants, and the Court. None of the information may be used outside the context of this lawsuit, and the parties are required to either return or destroy the confidential records at the conclusion of the lawsuit. **No student's identifying records will be disclosed to the public.** For your convenience, a copy of the Court Order is enclosed with this letter.

If you wish to object to the release of this information, you have fourteen (14) days from the date of this letter to object to the disclosure of this information. If you wish to object to the disclosure, you should submit your objection <u>in writing</u> to the United States District Court for the Eastern District of North Carolina in Wilmington. To submit an objection, you may write a confidential letter to the presiding judge in this matter, including the name of the student on whose behalf you are writing, your name, address, and relationship to the student, the student's date of birth and school, and the basis of your objection. If you write a letter, on the first page of your letter, write in large or underlined letters: "TO BE FILED UNDER SEAL" and "OBJECTION TO DISCLOSURE OF STUDENT INFORMATION AND RECORDS, CASE NO. 7:16-CV-069-FL." Mail your objection to:

The Honorable Louise W. Flanagan
c/o Clerk of the Court

U.S. District Court for the Eastern District of North Carolina
P.O. Box 25670
Raleigh, NC 27611
Attn: DOCUMENT FILED UNDER SEAL

**DO NOT CALL THE COURT. THE COURT WILL NOT ACCEPT PHONE CALLS ABOUT THIS MATTER. YOUR OBJECTIONS MUST BE SENT TO THE COURT IN WRITING.**

Failure to submit an objection to the Court within fourteen days of the date of this letter will be deemed a waiver of your right to object to the disclosure of your or your child's protected personal information and records.  If an objection to disclosure is timely made, a hearing will be calendared by the Court to resolve your objection. You may contact me at (919)-863-8744 if you have any questions.

Sincerely,


Katie Weaver Hartzog

Civil Action No. 7:16-CV-069-FL

|  |  |  |
|---|---|---|
| M.H., a minor child, by her parents and<br>Natural guardians, S.H. and J.H. | : | |
| | : | |
| Plaintiff, | : | |
| | : | EXHIBIT "B" TO |
| v. | : | STIPULATED PROTECTIVE |
| | : | ORDER |
| ONSLOW COUNTY BOARD OF | : | |
| EDUCATION, ANGELA GARLAND, | : | |
| Principal of Northwoods Park Middle | : | |
| School, in her individual capacity; and | : | |
| TIMOTH J. SAWYER, Jacksonville City | : | |
| Police Officer, in his individual and official | : | |
| Capacities, | : | |
| | : | |
| Defendants. | : | |

_____

**DECLARATION OF _____
UNDER STIPULATED PROTECTIVE ORDER**

I, _____, being duly sworn, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____

_____.

4.      I hereby acknowledge that (i) I have been given a copy of the Stipulated

Protective order ("Protective Order") in the above-referenced case; (ii) I carefully read

the Protective Order; and (iii) I understand and am familiar with the terms of the

Protective Order.

5.      I will comply with all of the provisions of the Protective Order. I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order. I will not use any Confidential Material disclosed to me for any purposes other than this case.

6.      I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am retained or employed, or from whom I have received such material.

7.      I hereby submit to the jurisdiction of the United States District for the Eastern District of North Carolina for the purpose of enforcement of the Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

_____